## ACROSS COUNTRY BAIL BONDS, Appellant,

### v.

## The STATE of Texas, Appellee.

### No. 208–90.

Court of Criminal Appeals of Texas, En Banc.

Dec. 19, 1990.

John D. Nation, Dallas, for appellant.

John Vance, Dist. Atty. & Paige E. Jones, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

In this bail bond forfeiture case, we granted Across Country Bail Bonds' peti-

tion for discretionary review, pursuant to Texas Rule of Appellate Procedure 200(c)(4), in order to determine whether Article 22.16(c)(2) of the Texas Code of Criminal Procedure violates the separation of powers provision of the Texas Constitution. See Tex. Const. art. 2, § 1. We will affirm the judgment of the court of appeals.

Sterling Quinn Burns, charged in Dallas County with a felony, failed to appear for trial on November 28, 1988. On January 9, 1989, the trial court rendered judgment *nisi* for the State and against Burns and his surety, Across Country Bail Bonds, jointly and severally, in the amount of Burns' bond ($10,000). On March 13, 1989, at a hearing before the trial court, Across Country was given an opportunity to show good cause for Burns' failure to appear for trial. No such cause was shown, and on March 15, 1989, the trial court, after remitting $7,500 to Burns and Across Country, rendered final judgment for the State for $2,500. See Tex.Code Crim.Pro. art. 22.-16(d). Across Country then moved for a new trial on the basis of Tex.Code Crim. Pro. art. 22.16(c)(2). The motion was denied, and the Fifth Court of Appeals affirmed, in an unpublished opinion, on the ground Article 22.16(c)(2) is invalid under the separation of powers doctrine. *Across Country Bail Bonds v. State*, No. 05–89–00771–CV (Tex.App.—Dallas, Jan. 11, 1990).

In its petition for discretionary review, Across Country argues that Article 22.-16(c)(2) is a valid exercise of legislative power. The question of Article 22.16(c)(2)'s validity, however, was decided adversely to Across Country in *Armadillo Bail Bonds v. State*, 802 S.W.2d 237 (Tex.Cr.App.1990).

The judgment of the court of appeals is affirmed.

TEAGUE, J., dissents.